■ CHARLES BONSIGNORE et al., Respondents, v IMPERIAL EXTERMINATION CO., INC., Appellant, et al., Defendants. [670 NYS2d 801] —In an action, *inter alia*, to recover damages for negligent inspection, the defendant Imperial Extermination Co., Inc., appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 27, 1997, which granted the plaintiffs' motion for summary judgment against it on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment is denied.

After the plaintiffs had contracted to purchase certain real property in Babylon but prior to closing, their attorney hired the appellant to inspect the property for termite infestation. After inspecting the premises on October 4, 1993, the appellant issued a report on October 25, 1993, which stated, in pertinent part, as follows: "Based on careful visual inspection of accessible areas and on sounding of accessible structural members, there is no evidence of termite infestation at this time in the abovementioned dwelling. If such infestation previously existed, it has been corrected".

The report further indicated that "[t]he areas of the substructure that are accessible and open have been inspected".

In June 1994, during the course of a remodeling project at the plaintiffs' house, a contractor removed the back wall of the kitchen and discovered termite infestation. Alarmed by the discovery, the plaintiffs hired Pelican Pest Control, Inc. (hereinafter Pelican), to perform another termite inspection. The inspection performed by Pelican in August 1994 confirmed that the plaintiffs' house was in fact infested by termites. Thereafter, the plaintiffs commenced this action, *inter alia*, to recover damages for negligent inspection of the premises.

The plaintiffs' motion for summary judgment on the issue of liability should have been denied. Triable issues of fact exist as to whether the infestation revealed by the inspection performed by Pelican in August 1994 would have necessarily been discovered by the inspection performed by the appellant in October 1993, as described in the appellant's report (*see,* CPLR 3212 [b]). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.